UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LEE ROESSLER, | Case No. 2:19-cv-02422-KJM-JDP (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATIONS THAT RESPONDENT'S MOTION TO DISMISS BE GRANTED IN PART |
| v. | |
| PATRICK COVELLO, | ECF No. 13 |
| Respondent. | |

Pending before the court is respondent's motion to dismiss, which argues that the court must abstain from considering petitioner's claims under *Younger v. Harris*, 401 U.S. 37 (1971). Respondent also argues that two of petitioner's claims are unexhausted and should therefore be dismissed. Petitioner, through his appointed counsel, does not dispute respondent's exhaustion argument and has agreed to the dismissal of his two unexhausted claims. He argues, however, that the remainder of his claims should be stayed pending the resolution of state court proceedings. Respondent disagrees and argues that, under *Younger*, the court must deny the request to stay and dismiss all claims without prejudice.

In keeping with the parties' agreement, I will recommend dismissal of the unexhausted claims. At this time, however, I decline to recommend dismissal of the remaining claims. Instead, I will expand the appointment of petitioner's counsel to give him a chance to file a proper

motion to stay. I will issue findings and recommendations regarding the appropriateness of a stay once that motion is fully briefed.

**Legal Standards**

No habeas rule specifically applies to motions to dismiss. *See Hillery v. Pulley*, 533 F. Supp. 1189, 1194 (E.D. Cal. 1982) ("Motion practice in habeas corpus is not specifically provided for in the rules but must be inferred from their structure and the Advisory Committee Notes."). Following an approach taken by other courts in this district, I conclude that Rule 4 of the Rules Governing Section 2254 Cases is the proper analytical framework for a motion to dismiss a section 2241 petition. *See, e.g.*, *Ram v. Sacramento Cty.*, No. 2:15-cv-2074-WBS-DB, 2017 U.S. Dist. LEXIS 85123 at *4 (E.D. Cal. 2017). Under Rule 4, I evaluate whether it "plainly appears" that the petitioner is not entitled to relief and, if so, recommend dismissal of the petition.

**Analysis**

The petition contains six claims: (1) that the trial court violated petitioner's Sixth Amendment rights when, during jury deliberations, it removed a juror at the behest of the jury foreman; (2) that petitioner's right to be tried by a fair and impartial jury was violated when the trial court denied his motion for a new trial based on misconduct by the jury foreman; (3) that the trial court violated petitioner's due process rights when it declined to allow him to present evidence that the victim had multiple convictions for being a felon in possession of a firearm; (4) that petitioner was denied his constitutional right to be present when testimony was read back to the jury outside his presence and without waiver of his right to be present; (5) that the cumulative errors committed by the trial court rendered petitioner's trial unfair; and (6) that trial counsel was ineffective in failing to renew a motion to present evidence of the victim's prior felon in possession of a firearm convictions. As noted above, the petitioner does not oppose dismissal of the third and fifth claims, and I recommend as much. ECF No. 39 at 2.

Petitioner has asked that the remaining claims be stayed, and respondent has argued that *Younger* precludes such a stay. These arguments are inadequately briefed. Petitioner raised his request to stay in his opposition to the current motion, and respondent offered his arguments

against a stay in his reply.  No sur-reply was authorized and, thus, petitioner could offer no response to the arguments in respondent's reply.[1]  Rather than rule on this issue based on the briefing before me, I will recommend against dismissing the remaining claims at this time.  If these recommendations are adopted, I will expand the appointment of petitioner's counsel and give him thirty days to file a separate motion to stay.  The issue will be decided once that motion is fully briefed.

Accordingly, I RECOMMEND that respondent's motion to dismiss, ECF No. 13, be granted in part and petitioner's third and fifth claims, described above, be dismissed without prejudice as unexhausted.  The motion should be denied in all other respects.

These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304.  Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties.  That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   August 7, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

---

[1] And the issue of whether a stay is appropriate in these circumstances is not a straightforward one.  Respondent broadly argues that no stay is necessary because the one-year statute of limitations contained in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") has not yet begun to run on petitioner's claims.  ECF No. 40 at 2.  But the Ninth Circuit has held that AEDPA's statute of limitations applies on a claim by claim basis.  *See Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012).  It may be true that the claims still pending in state court do not require the protection of a stay, but the clock is likely running on the exhausted claims.