UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LEE ROESSLER,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>PATRICK COVELLO,<br><br>　　　　Respondent. | Case No.   2:19-cv-02422-KJM-JDP (HC)<br><br>FINDINGS AND RECOMMENDATIONS THAT PETITIONER'S MOTION FOR STAY BE DENIED AS UNNECESSARY<br><br>OBJECTIONS DUE IN FOURTEEN DAYS<br><br>ECF No. 45 |

　　　Petitioner Michael Less Roessler, a state prisoner represented by counsel, has filed a motion to stay this case pending resolution of state court proceedings. ECF No. 45. Respondent has filed an opposition, ECF No. 46, and petitioner has filed a reply, ECF No. 50. I recommend that petitioner's motion be denied as unnecessary.

　　　Petitioner, while still proceeding pro se, filed this action and raised six claims: (1) that the trial court violated petitioner's Sixth Amendment rights when, during jury deliberations, it removed a juror at the behest of the jury foreman; (2) that petitioner's right to be tried by a fair and impartial jury was violated when the trial court denied his motion for a new trial based on misconduct by the jury foreman; (3) that the trial court violated petitioner's due process rights when it declined to allow him to present evidence that the victim had multiple convictions for being a felon in possession of a firearm; (4) that petitioner was denied his constitutional right to be present when testimony was read back to the jury outside his presence and without waiver of

1

his right to be present; (5) that the cumulative errors committed by the trial court rendered petitioner's trial unfair; and (6) that trial counsel was ineffective in failing to renew a motion to present evidence of the victim's prior felon in possession of a firearm convictions. ECF No. 1. On September 28, 2021, the third and fifth claims were dismissed as unexhausted. ECF No. 43.

On November 23, 2021, petitioner filed a motion to stay through his counsel. ECF No. 45. Therein, he informed the court that, because of his state counsel's efforts, his conviction was not yet finalized. *Id.* at 1-2. He asks that this action be stayed pending a final decision from the California Supreme Court. Respondent has taken the position that the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971), precludes such a stay. ECF No. 46 at 2.

The parties agree, however, that no stay is necessary if I conclude that the statute of limitations on petitioner's habeas claims has not yet begun to run. ECF No. 50 at 4. The sequence of events is, as I understand them, that petitioner's direct appeal resulted in a remand to the state trial court. ECF No. 45 at 1. The state trial court then issued an adverse decision and petitioner appealed again. *Id.* at 1-2. The state court of appeal rejected his new appeal and the case is now pending before the California Supreme Court. *Id.* at 2. Thus, petitioner's conviction is not yet final. The parties agree on this posture and that the federal statute of limitations for petitioner's habeas claims has not yet begun to run. ECF No. 46 at 2; ECF No. 50 at 2. They are correct insofar as, under the Anti-Terrorism and Effective Death Penalty Act, the one-year federal statute of limitations for habeas claims starts to run the day after a petitioner's conviction is finalized. *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002). Based on these representations, I conclude that a stay is unnecessary and recommend that the petition be dismissed without prejudice so that it may be brought anew if and when petitioner's conviction is finalized. *See Daniels v. Nelson*, 415 F.2d 323, 323 (9th Cir. 1969) (A "habeas petition, filed while [petitioner's] state appeal was pending, is premature . . . .").

For the foregoing reasons, I recommend that:

1. Petitioner's motion for a stay, ECF No. 45, be denied as unnecessary.
2. The current petition, ECF No. 1, be dismissed without prejudice to refiling once petitioner's conviction is finalized in state court.

These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:     January 7, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE